IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| CURTISS DAVIS III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-992 (RDA/TCB) |
| | ) | |
| EDWIN C. ROESSLER, JR., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motions to Dismiss filed by Defendants Edwin C. Roessler, Jr., Clinton E. Beach, and Jeremy Hoffman; The Washington Post; and WUSA-TV. Dkt. Nos. 13; 16; 21. Considering the Complaint (Dkt. 1), the Motions to Dismiss, Defendants' Memoranda in Support (Dkt. Nos. 14; 17; 22), Plaintiff Curtiss Davis III's Oppositions to the Motions (Dkt. Nos. 19; 26; 29), Defendants' Replies (Dkt. Nos. 25; 27; 28), it is hereby ORDERED that the Motions to Dismiss (Dkt. Nos. 13; 16; 21) are GRANTED for the reasons that follow.

### I. BACKGROUND[1]

Plaintiff's Complaint arises out of events that began on December 23, 2015, when he was arrested for abduction, extortion, indecent exposure and attempted forcible sodomy following an incident at a Lorton, Virginia restaurant. Dkt. 1 at 1. Proceeding *pro se*, Plaintiff has sued

---

[1] For purposes of considering the Motions, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Roessler, Beach, Hoffman, the restaurant, several employees of the restaurant, and two media outlets that reported his arrest. *Id.*

### *1. Davis I*

This is the second federal lawsuit Plaintiff has filed related to these events. The first Complaint, brought in this Court on September 30, 2019, alleged that Plaintiff was employed as a Special Agent for the Department of Defense. *See Davis v. Roessler*, No. 1:19-cv-1254 (E.D. Va.) ("*Davis I*"). Employees at a Lorton, Virginia restaurant called 911 alerting police to an alleged robbery. *Id.* Dkt. 1 at 8-11. Following that 911 call, Fairfax County police officers, Defendants Beach and Hoffman, arrested Plaintiff on December 23, 2015. *Id.* at 12. Plaintiff was transported to the Fairfax County Police Station. He was held without bond for fourteen days due to the attempted forcible sodomy charged.

On December 24, 2015, the Fairfax County Police Department ("FCPD") released Plaintiff's photograph and stated to the media that there was probable cause to arrest Plaintiff for the charged offenses. Plaintiff alleged that FCPD's media statements "create[ed] a false narrative" about him and impugned his reputation in the public eye. *Id.* at 1. Pending the resolution of these offenses in a Virginia state court, Plaintiff was terminated from his position, and lost his security clearance, retirement benefits, and retirement savings.

On March 2, 2016, at Plaintiff's preliminary hearing, the charges of indecent exposure and attempted forcible sodomy were dismissed. *Id.* at 11. In October of 2016, following a jury trial, Plaintiff was acquitted of the remaining charges against him. Ultimately, Plaintiff's charges were expunged on August 22, 2017. Dkt. 1-3.

In November of 2017, Plaintiff allegedly reported his concerns with how his case had been handled to the Federal Bureau of Investigation ("FBI"). Plaintiff expressed concern that race was

2

an underlying factor in his arrest, that the FCPD failed to timely obtain exonerating video footage, and that the FCPD intentionally disrupted the chain of custody of Plaintiff's firearm.  The FBI referred the matter to Defendant Edwin C. Roessler, Jr., Chief of Police of FCPD.  On March 29, 2018, FCPD sent a letter to Plaintiff reporting its findings that the officers involved, Defendants Beach and Hoffman, acted lawfully and upon probable cause.

>When Plaintiff brought his first Complaint on September 30, 2019, he asserted claims for:
>
>Title 42 of U.S. Code, Section 1983—Civil Action for Deprivation of
>
>a. Civil Rights (Unlawful Detention)
>b. Rights to Due Process (Intentional Negligence & Tampering with Evidence)
>c. Falsifying Police Reports

Dkt. 1 at 3.  In addition, he also sought relief "from the local Government of Fairfax County Virginia for defamation (false statements), wrongful detention, and intentional negligence (violation of constitutional rights to due process)." *Id.* at 4.  Defendant Roessler moved to dismiss each of these causes of action, arguing that the claims were time-barred and failed to state any valid basis for relief under Federal Rule of Civil Procedure 12(b)(6).  On December 10, 2019, this Court granted Defendant Roessler's Motion to Dismiss on statute-of-limitations grounds.  Plaintiff did not seek reconsideration of the Order or appeal the Court's decision.

### 2. Davis II

Plaintiff filed a new lawsuit on August 25, 2020.  Dkt. 1.  Aside from identical allegations from his pleadings in *Davis I*, of which there are many, in this action Plaintiff also alleges that FCPD has a policy that requires police officers to assist "illegal aliens" in obtaining (U) visas in exchange for making false reports of crime.  *Id.* at 12.  According to Plaintiff, he was a victim of Fairfax County's "backdoor amnesty program" when Defendants Beach and Hoffman gave false testimony to the magistrate, tampered with evidence, and avoided obtaining exculpatory evidence,

3

all so Plaintiff's accusers could avoid this country's immigration laws and obtain (U) visas. *Id.* at 2-3, 6-7, 36.

Local media also covered Plaintiff's arrest. Specifically, the Washington Post published two articles related to Plaintiff's arrest, one on December 24, 2015 and another on January 7, 2016. *Id.* at 24. WUSA-9 News also reported on Plaintiff's arrest, and posted his mugshot, on January 5, 2016. Plaintiff alleges that the news outlets spread the "false narrative" FCPD developed about him, that WUSA-9 News obtained Plaintiff's "leaked" home address from Defendant Roessler and sent a reporter to Plaintiff's home address, and that the news station also gave the false narrative to another local cable news outlet and the website mugshots.com. *Id.* at 23-24.

In his *Davis II* Complaint, Plaintiff brings several claims against Defendants. Under a liberal construction of Plaintiff's Complaint, he alleges a claim against the FCPD Defendants under 42 U.S.C. § 1983 for a violation of his Fourth Amendment rights. Plaintiff also brings claims against the FCPD Defendants under the Fourteenth Amendment's Equal Protection Clause[2] and Title VI of the Civil Rights Act of 1964. Plaintiff alleges a conspiracy to defraud the federal government, in violation of 18 U.S.C. § 371, against the FCPD Defendants and the restaurant employees who reported him to the police.[3] He also alleges state-law claims of civil conspiracy and defamation pursuant to Va. Code Ann. §§ 18.2-499 and 18.2-500. *Id.* at 1, 12-19. Plaintiff

---

[2] The Court liberally construes Plaintiff's Equal Protection Clause claim to assert an equal-protection violation under 42 U.S.C. § 1983, as no plaintiff can state a standalone claim for relief under the Fourteenth Amendment. *See Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995) (holding that a plaintiff "cannot bring a claim directly under the Fourteenth Amendment because it does not create a cause of action").

[3] These Defendants—Susan Perez, Ana Elizabeth Rivera-Cruz, and Pedro Bonilla—have not filed motions to dismiss this action.

seeks compensatory damages, punitive damages, and other relief, including the deportation of his accusers. *Id.* at 34-39.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint fail to "state a claim that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Twombly*, 550 U.S at 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). "A court may grant a 12(b)(6) motion on statute of limitations grounds only 'if the time bar is apparent on the face of the complaint.'" *Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017) (quoting *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508). Because Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

III. ANALYSIS

The facts alleged in Plaintiff's new Complaint arise out of the same nucleus of operative fact as the claims he brought in *Davis I*: his arrest, media reports of his crimes, the subsequent criminal proceedings resulting from his arrest, and the ultimate expungement of his crimes. As a result, Defendants raise several defenses, which the Court addresses below.

A. Claim Preclusion

First, Defendants Roessler, Beach and Hoffman seek to dismiss all claims against them under the doctrine of *res judicata* or claim preclusion. Although claim preclusion is an affirmative defense, a defendant may raise it on a Rule 12(b)(6) motion to dismiss if the defense raises no disputed issues of fact. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 75 (4th Cir. 1967).

Rooted in *res judicata* principles, the doctrine of claim preclusion "bars further claims by parties or their privies based on the same cause of action" when there has been a "final judgment on the merits" in an earlier suit. *Harnett v. Billman*, 800 F.2d 1308, 1312 (4th Cir. 1986) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891, (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)). This Court looks to three elements when deciding whether claim preclusion applies, asking whether there is: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (quoting *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003)).

Defendant Roessler was a named party in *Davis I*, and any cause of action asserted against him in this case is plainly claim-precluded. *See Amr v. Moore*, No. 3:09-cv-667, 2010 WL 3154575, at *8 (E.D. Va. June 21, 2010) (noting that where certain defendants "were named as defendants in *Amr I*, the doctrine of claim preclusion bars [all counts] as to th[o]se [d]efendants").

It is less clear, however, that Defendants Beach and Hoffman can properly assert claim preclusion. The background rule holds that "[a] judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." *Richards v. Jefferson Cty., Ala.*, 517 U.S. 793, 798 (1996). This rule is subject to a number of exceptions, however, including where a nonparty is connected through "pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment." *Taylor*, 553 U.S. at 894. Relevant here, another exception known as the "adequate representation" exception provides that "in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Richards*, 517 U.S. at 798. Defendants argue their interests were aligned with Defendant Roessler and they were thus adequately represented in *Davis I*. And although such alignment is a necessary condition to establishing a party's adequate representation of a nonparty's interest in the prior suit, *see Jones v. SEC*, 115 F.3d 1273, 1180-81 (4th Cir. 1997), "alignment alone insufficiently establishes adequate representation of a nonparty's interests." *Amr*, 2010 WL 3154575, at *9 n.21 (citing *Taylor*, 553 U.S. at 899-900). In *Taylor*, the Supreme Court held that a party hoping to satisfy the "adequate representation" exception to the rule against nonparty claim preclusion must first establish certain conditions:

> (1) The interests of the nonparty and her representative are aligned . . . and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty . . . . In addition, adequate

7

> representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented.

*Taylor*, 553 U.S. at 900 (internal citations omitted). The record is not clear that Defendant Roessler understood himself to be acting in a representative capacity or that the Court took care to protect the interests of the nonparties. Thus, the Court declines to find that claims asserted against Defendants Beach and Hoffman here are claim-precluded by *Davis I*.

Accordingly, all claims Plaintiff's Complaint alleges against Defendant Roessler are subject to claim preclusion. Counts One through Five are thus dismissed as to Defendant Roessler.

### B. Statute of Limitations

*1. Fourth Amendment and Fourteenth Amendment Claims (Counts One and Two)*

In *Davis I*, this Court held that Plaintiff's claims were barred by the relevant statutes of limitations. *See Davis v. Roessler*, No. 1:19-cv-1254, 2019 WL 10943425, at *3 (E.D. Va. Dec. 10, 2019). The Court found that Plaintiff's Fourth Amendment claim brought under § 1983 and his Equal Protection claim were subject to a two-year statute of limitations, that the majority of his injuries occurred in December of 2015, and that his claims would still be barred even under the August 22, 2017 accrual date Plaintiff suggested.[4] *Id.* Therefore, the Court turns to the issue-preclusive, or collateral estoppel, effect of its prior judgment on the Defendants named in Counts One and Two of the Complaint.

Under the rules of federal common law that determine the preclusive effect of a federal-court judgment, issue preclusion applies when:

> (1) the "identical issue" (2) was actually litigated (3) and was "critical and necessary" to a (4) "final and valid" judgment (5) resulting from a prior proceeding in which the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue.

---

[4] The Court in *Davis I* also found that Plaintiff's defamation claims were subject to a one-year statute of limitations.

*McHan v. Comm'r*, 558 F.3d 326, 331 (4th Cir. 2009) (quoting *Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006)). In *Davis I*, the Court addressed the statutes of limitations governing the claims Plaintiff brought—the identical issue raised here. *See Davis v. Roessler*, No. 1:19-cv-1254, 2019 WL 10943425, at *3 (E.D. Va. Dec. 10, 2019). The parties had a full and fair opportunity to litigate the question, and did actually litigate the issue. The Court, in turn, drew heavily from the parties' time-bar briefing, which was critical and necessary to its dismissal order. *Id.* at *3-4. Plaintiff never appealed that decision. Therefore, Plaintiff cannot again bring a Fourth Amendment claim under 42 U.S.C. § 1983 (Count One) or an Equal Protection Clause claim (Count Two) because the doctrine of issue preclusion prevents him from doing so.[5]

Neither are equitable tolling exceptions available to Plaintiff. This Court in *Davis I* expressly considered and rejected Plaintiff's theory about his internal complaint, FCPD's internal investigation, and Defendant Roessler's letter informing Davis of that investigation's findings— the bases for his new argument that the statute of limitations should be equitably tolled.[6] Therefore, equitable tolling does not change the Court's conclusion that Plaintiff's § 1983 claim in Count One, Equal Protection Clause claim in Count Two, and defamation claim in Count Five are subject to issue preclusion.

Non-mutual defensive collateral estoppel—whereby a defendant seeks to prevent a plaintiff from relitigating an issue, which is the strand of issue preclusion relevant here—does not

---

[5] His defamation claim, as reasserted in Count Five, is also issue-precluded.

[6] Although Plaintiff also references another tolling exception, the "discovery rule" of accrual for fraud claims under Va. Code Ann. § 8.01-249(1), *see* Dkt. 1 at 31-32, his Complaint does not plead any fraud or misrepresentation claim that would be subject to that statute. His only claim sounding in fraud alleges conspiracy to defraud the United States under 18 U.S.C. § 371 (Count Four), which was not raised in *Davis I*.

require identity of parties. *See, e.g.*, *Musselwhite v. Mid-Atl. Rest. Corp.*, 809 F. App'x 122, 128 (4th Cir. 2020); *McHan*, 558 F.3d at 331. As a result, Plaintiff cannot assert these claims against *any* Defendant named in this action.

*2. Counts Three and Five*

In addition, Plaintiff brings claims under Title VI of the Civil Rights Act of 1964 (Count Three) and state-law claims of defamation and civil conspiracy (Count Five). These claims are also time-barred.

a. Title VI Claim (Count Three)

Plaintiff asserts a claim under Title VI of the Civil Rights Act of 1964. Dkt. 1 at 20-21. That law provides in relevant part: "No person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A Title VI plaintiff must adequately allege that a defendant received federal financial assistance and that the defendant intentionally discriminated against him based on a protected category—that is, race, color, or national origin. *See Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 844 (D.S.C. 2015) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)).

Importantly, a plaintiff must bring a Title VI claim within two years of the action accruing. And the action's accrual date is fixed by federal law, which asks "when the plaintiff kn[ew] or ha[d] reason to know of his injury." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 389 (4th Cir. 2014). The events Plaintiff alleges in his Complaint accrued when his criminal case ended in October of 2016. At the very latest, though, this claim accrued when Plaintiff's record was expunged on August 22, 2017. Plaintiff filed this action on August 25, 2020, more than three years later than that date. The statute of limitations therefore bars Plaintiff's Title VI claim.

10

b. Civil Conspiracy and Defamation Claims (Count Five)

Next, Plaintiff brings state-law claims of defamation and civil conspiracy under Virginia Code §§ 18.2-499 and 18.2-500, alleging that "FCPD with malicious intent conspired with illegal foreign nationals along with the media to purposely injure Plaintiff's reputation"—both "personally" and "professionally." Dkt. 1 at 20. Plaintiff argues that these claims are not time-barred because they are subject to a five-year statute of limitations. In Virginia, absent a specific statutory provision that defines the statute-of-limitations period, "[t]he applicable statute of limitations is determined by the type of injury alleged." *Willard v. Moneta Bldg. Supply, Inc.*, 262 Va. 473, 482 (2001). The types of reputational injuries Plaintiff alleges are "clearly personal injuries." *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 370 (E.D. Va. 1979) (holding that this category includes "damage to reputation; pain, mental anguish, and suffering; injury to credit and financial standing; and defamation of character"); *see also* Dkt. 1 at 15, 20, 31, 34. Virginia law sets a one-year statute of limitations for these claims, including defamation. *See* Va. Code Ann. § 8.01–247.1 ("Every action for injury resulting from libel, slander, insulting words, or defamation shall be brought within one year after the cause of action accrues."). Consequently, Plaintiff's injuries accrued, and the statute of limitations began to run, "when the injury [was] sustained." *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 233 (4th Cir. 2000) (citing Va. Code Ann. § 8.01-230)).

Plaintiff's defamation claims, too, are barred by the statute of limitations. The injuries Plaintiff repeatedly emphasizes in his Complaint, his allegedly unlawful arrest and prosecution and the resulting damage to his reputation, are personal in nature. *See, e.g.*, Dkt. 1 at 44 (stating that Defendants sought to "discredit [his] character" and that the accusations against him have "tarnished the Plaintiff's reputation by marking his name permanently with a negative stigma so

11

that people can question his character for the rest of his life"). Despite Plaintiff's suggestion that his business interests were also harmed, any such injury is derivative of his personal injuries. Again, Plaintiff's injuries accrued when the criminal proceedings against him ended in October of 2016—or, arguably, when his record was expunged on August 22, 2017. Either way, by the time Plaintiff filed this action, any claim for reputational injury had accrued more than three years earlier, long after the one-year statute of limitations for a defamation claim had run. *See* Va. Code Ann. § 8.01-247.1

Although Plaintiff argues that he should be able to assert his claims against the media entities he has sued because their stories have remained online, the well-accepted "single publication rule" definitively forecloses his reading of Virginia's statute of limitations. That rule provides that "only one cause of action [may] be maintained for any single publication," clarifying that "subsequent distribution of a defamatory statement . . . does not create independent actions or start the statute of limitations running anew." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 918 (E.D. Va. 2004) (stating that subsequent distributions may, however, be relevant for damages purposes); *see also Lokhova v. Halper*, 441 F. Supp. 3d 238, 253 (E.D. Va. 2020). The single event allegedly within the statute of limitations period, when Defendants Roessler and WUSA-TV allegedly "colluded" in January of 2020 to "re-post another false narrative to defame" Plaintiff, is altogether implausible. Dkt. 1 at 26. As the Complaint alleges, the station has never removed the reporting from its website; exhibits attached to Plaintiff's Complaint and opposition brief also reflect the original date of publication, January 5, 2016, and do not show that the story was changed or modified in any way in 2020. *See* Dkt. 1-20; 26-1. The well-pleaded allegations of the Complaint and Plaintiff's own briefing therefore defeat any claim that the limitations period began anew in 2020.

Plaintiff's conspiracy claim is inextricably linked to his underlying defamation claims, which do not state a valid claim for relief. And without a valid underlying tort claim, a conspiracy claim cannot survive. *See Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 215 (2014). His conspiracy claims must also be dismissed.

The injures Plaintiff asserts in Count Five are time-barred, a fact that is apparent on the face of Plaintiff's Complaint. This Court must therefore dismiss the claim.

*3. Claim Under 18 U.S.C. § 371 (Count Four)*

Plaintiff also brings a claim under 18 U.S.C. § 371, a federal criminal statute that prohibits conspiracies to defraud the United States. This law does not confer a private right of action on a private plaintiff seeking to enforce its provisions. *See, e.g.*, *Bey ex rel Graves v. Richmond Redevelopment & Hous. Auth.*, No. 3:13-cv-464, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) ("18 U.S.C. § 371 criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy."); *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (collecting cases). Although Plaintiff takes issue with the current operation of the (U) visa program, as a civil plaintiff he cannot state a claim for relief under this federal criminal statute. Count Four must therefore be dismissed. *See Semenova*, 845 F.3d at 567.

## IV. CONCLUSION

For these reasons, it is hereby ORDERED that the Motion to Dismiss filed by Defendants Edwin C. Roessler, Jr., Clinton E. Beach, and Jeremy Hoffman (Dkt. 21) is GRANTED; Defendant Washington Post's Motion to Dismiss (Dkt. 13) is GRANTED; and Defendant WUSA-TV's Motion to Dismiss (Dkt. 16) is GRANTED. The Complaint is DISMISSED WITH PREJUDICE

and without leave to amend as to Defendants Edwin C. Roessler, Jr., Clinton E. Beach, Jeremy Hoffman, The Washington Post, and WUSA-TV.

The Clerk is directed to forward copies of this Order to Plaintiff, who is proceeding *pro se*.

It is SO ORDERED.

Alexandria, Virginia
January 21, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge