UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CURTISS DAVIS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-992 (RDA/TCB) |
| | ) |
| EL CARBONERO, LLC and PEDRO BONILLA., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on *pro se* Plaintiff Curtis Davis III's ("Plaintiff") Motion to Set Default Judgment Hearing as to Defendants El Carbonero, LLC and Pedro Bonilla ("Defendants"). (Dkt. 64.)[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion be DENIED.

I. BACKGROUND

A.  **Procedural Posture**

Plaintiff filed his Complaint on August 25, 2020, his second federal lawsuit arising from Plaintiff's arrest on December 23, 2015 for abduction, extortion, indecent exposure and attempted forcible sodomy following an incident at the Lorton, Virginia restaurant, El Carbonero. Liberally construing Plaintiff's Complaint, he alleges a claim against the Fairfax County Police Department ("FCPD") Defendants under 42 U.S.C. § 1983 for violating his

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint (Dkt. 1) ("Compl."); Plaintiff's Motion to Set Default Judgment Hearing ("Mot. Default J.") (Dkt. 64); and all attachments and exhibits submitted with those filings.

1

Fourth Amendment rights. Plaintiff also brings claims against the FCPD Defendants under the Fourteenth Amendment's Equal Protection Clause and Title VI of the Civil Rights Act of 1964. Plaintiff alleges a conspiracy to defraud the federal government, in violation of 18 U.S.C. § 371, against the FCPD Defendants and the restaurant employees, including Pedro Bonilla, who reported him to the police. He also alleges state-law claims of civil conspiracy and defamation pursuant to Va. Code Ann. §§ 18.2-499 and 18.2-500. *Id.* at 1, 12-19.

Defendants Edwin C. Roessler, Jr., Clinton E. Beach, Jeremy Hoffman, The Washington Post, and WUSA-TV filed Motions to Dismiss Plaintiff's Complaint in November 2020. (Dkts. 13, 16, 21.) On February 17, 2021, Plaintiff filed a Motion for Entry of Default Judgment as to Defendants El Carbonero, Susan Perez, Ana Elizabeth Rivera-Cruz, and Pedro Bonilla. (Dkt. 32.) Plaintiff filed a second Motion for Entry of Default Judgment on April 13, 2021. (Dkt. 34.) The Clerk entered the default of Susan Perez, Ana Elizabeth Rivera-Cruz, and Pedro Bonilla on May 3, 2021. (Dkt. 35.) On August 4, 2021, the Honorable District Judge Rossie D. Alston directed Plaintiff to file a motion for default judgment as to those three defendants. (Dkt. 36.)

Plaintiff filed a Motion for Default Judgment on August 9, 2021, which the Honorable Magistrate, now District, Judge Michael S. Nachmanoff denied because Plaintiff failed to properly serve the Defendants. (Dkts. 37, 41.) Plaintiff moved to correct a clerical error and for entry of default as to El Carbonero. (Dkt. 43.) The undersigned granted the motion as to the clerical error but denied the motion as to the entry of default as service on El Carbonero was not proper. (Dkt. 44.) Plaintiff also moved for permission to reserve summonses on Defendants Perez, Cruz, and Bonilla, which Judge Alston granted. (Dkt. 42, 46.)

On January 21, 2022, Judge Alston granted Defendants' Motions to Dismiss, dismissing Plaintiff's Complaint without leave to amend as to Defendants Edwin C. Roessler, Jr., Clinton E.

Beach, Jeremy Hoffman, the Washington Post, and WUSA-TV. (Dkt. 45.) On February 2, 2022, Plaintiff filed a Motion for Entry of Default Judgment as to El Carbonero and Bonilla, which the Court granted and directed Plaintiff to file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), an accompanying memorandum, and a notice of hearing. (Dkt. 48, 62.) The Clerk entered default against El Carbonero and Bonilla on March 28, 2022. (Dkt. 63.) On April 6, 2022, Plaintiff filed the instant Motion for Default Judgment and noticed a hearing for April 29, 2022. (Dkt. 64.) Finding oral argument unnecessary, the undersigned cancelled the Friday, April 29, 2022 hearing and took Plaintiff's Motion for Default Judgment (Dkt. 64) under advisement to issue this Report and Recommendation.

### B. Failure to Comply with Judge Alston's Order

Judge Alston's order directing the Plaintiff to file a motion for default judgment as to Defendants El Carbonero and Bonilla included specific directions and guidance for Plaintiff. Judge Alston's order specifically directed Plaintiff to:

> file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting Defendants were served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief.

(Dkt. 46.)

Plaintiff's Motion fails to include the three elements listed in Judge Alston's Order. First, Plaintiff does not explain how the Court has subject matter or personal jurisdiction and fails to include a description of whether the Defendants were properly served. Before the Court can render default judgment, it must have subject-matter and personal jurisdiction over the defaulting

3

party, and venue must be proper. The Plaintiff must also show that the Defendants received service of process. As such, without this information, the undersigned cannot evaluate whether the Court has the power over these two defendants to recommend an order of default judgment against these Defendants. Second, Plaintiff failed to discuss how the Complaint alleges facts establishing the elements for any one of the claims listed in Plaintiff's Complaint. And even if Plaintiff included such information, an elaboration of Plaintiff's Complaint would fail to support an entry of default judgment as discussed in further detail below. And finally, Plaintiff failed to set forth evidence demonstrating why he is entitled to his requested monetary and equitable relief.

Upon further review of Plaintiff's filings in this matter, the undersigned issues this Report and Recommendation to address fundamental deficiencies in Plaintiff's claims against these Defendants.

## II. ANALYSIS

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). Consequently, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (citations omitted).

Plaintiff's Complaint alleges three claims against Defendants Bonilla and El Carbonero: (1) conspiracy to defraud the United States under 18 U.S.C. § 371 (Count IV), (2) defamation under Virginia law (Count III), and (3) conspiracy to defame under Virginia law (Count V). (Dkt. 1; *see* dkt. 45 at 3.) Judge Alston's memorandum opinion granting a handful of Defendants' Motions to Dismiss methodically analyzes how each count fails to state a claim against any of the Defendants. (*See* dkt. 45.) While Pedro Bonilla and El Carbonero, LLC were not parties to these Motions to Dismiss, Judge Alston's reasoning applies equally here.

First, as to Count IV, Judge Alston found that Plaintiff lacked standing as a private individual to bring a claim under 18 U.S.C. § 371, a federal criminal statute. (*See* dkt. 45 at 13) (citing *Bey ex rel Graves v. Richmond Redevelopment & Hous. Auth.*, No. 3:13-cv-464, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) ("18 U.S.C. § 371 criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy."); *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (collecting cases). Accordingly, the undersigned finds that Plaintiff also failed to state a claim upon which relief can be granted against Defendants Bonilla and El Carbonero under Count IV.

Second, as to Count III, Judge Alston found that Plaintiff's defamation claim was brought far outside of Virginia's one-year statute of limitations for defamation cases. (*See* dkt. 45) ("Plaintiff's injuries accrued when the criminal proceedings against him ended in October of 2016—or, arguably, when his record was expunged on August 22, 2017.") Plaintiff filed this Complaint on August 25, 2020. Therefore, Plaintiff brought this claim against Defendants at least three years after his claims accrued, which is far outside of Virginia's one-year statute of limitations for reputational injuries. Accordingly, the undersigned finds that Plaintiff failed to

state a defamation claim against Defendants Bonilla and El Carbonero under Count III.

Third, as to Count V, Judge Alston found that Plaintiff's conspiracy to defame claim was deficient because, as discussed above, the underlying defamation claim was brought far outside of the statute of limitations. Judge Alston reasoned that these claims are inextricably tied and therefore the conspiracy claim must also be dismissed. Accordingly, the undersigned finds that Plaintiff failed to state a conspiracy defame claim (Count V) against Defendants Bonilla and El Carbonero.

### III. RECOMMENDATION

For the reasons articulated above, the undersigned recommends that the Court enter an order denying Plaintiff's Motion for Default Judgment. (Dkt. 64.) Further, the undersigned recommends that the Court decline to award Plaintiff compensatory damages, punitive damages, and the requested equitable relief affecting Defendant Bonilla's immigration documentation.

### IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 4, 2022
Alexandria, Virginia