IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CURTISS DAVIS III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:20-cv-992 (RDA/WEF) ) |
| EL CARBONERO, LLC and PEDRO BONILLA, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Theresa Buchanan on August 4, 2022. Dkt. 68.[1] In this case involving claims brought by *pro se* Plaintiff Curtiss Davis III under 42 U.S.C. § 1983, the Fourteenth Amendment's Equal Protection Clause, Title VI of the Civil Rights Act of 1964, conspiracy to defraud the federal government in violation of 18 U.S.C. § 371, and state-law claims of civil conspiracy and defamation, Judge Buchanan recommends that this Court deny Plaintiff's Motion for Default Judgment, decline to award Plaintiff compensatory damages, punitive damages, and the requested equitable relief affecting Defendant Bonilla's immigration documentation. On August 18, 2022, Plaintiff objected to Judge Buchanan's Recommendation, filing a Motion to Overturn Decision to Deny Default Judgment Hearing. Dkt. 70.

In his motion objecting to the Recommendation, Plaintiff asks the Court to reject Judge Buchanan's Recommendation and instead order a default judgment hearing. Judge Buchanan's Recommendation states that Plaintiff's default judgment motion should be denied for three

---

[1] After Judge Buchanan entered the August 4, 2022 Order, this case was reassigned to Magistrate Judge Fitzpatrick.

reasons.  First, even assuming Defendants El Carbonero and Bonilla were properly served, Plaintiff has still failed to describe the Court's basis for personal or subject matter jurisdiction or that venue is proper, even though the Court on March 28, 2022 ordered Plaintiff to file a motion establishing that these jurisdictional are met.  Second, Plaintiff has yet to establish how the allegations in his Complaint support any of the claims he asserts, including Virginia law claims of civil conspiracy and defamation, a federal constitutional claim under the Fourteenth Amendment's Equal Protection Clause, and conspiracy to defraud the federal government.  *See* Dkt. 70 at 6-10.[2]  Even if he had included this information, however, this Court finds that the allegations in Plaintiff's complaint are so far-fetched that they would fail to meet Federal Rule of Civil Procedure 12(b)(6)'s plausibility standard.  Finally, Plaintiff has not marshaled any evidence suggesting he is entitled to the monetary or equitable relief he seeks.  Because Plaintiff's most recent filing (Dkt. 70) does not cure his failure to comply with the Court's March 28, 2022 Order in these respects, his objection styled as a Motion to Overturn the magistrate judge's decision must be denied.

Plaintiff also brings a Motion for Reconsideration and two requests for summary judgment. No provision in the Federal Rules of Civil Procedure expressly authorizes a motion for reconsideration.  The Fourth Circuit has held, however, that a motion challenging a court judgment should be treated as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e), or as a motion for "relief from judgment" under Rule 60(b), depending on the time in which the motion is served.  *Downing v. Lee*, No. 1:16-CV-1511, 2018 WL 10247588, at *1 (E.D. Va.), *aff'd, Downing v. Matal*, 724 F. App'x 226 (4th Cir. 2018); *Fugit v. United States*, No. 4:07-CR-065, 2018 WL 9811691, at *1 (E.D. Va. Sept. 4, 2018), *aff'd*, 749 F. App'x 212 (4th Cir.

---

[2] It is unclear whether Plaintiff asserts each of these claims against Defendants El Carbonero and Bonilla or whether his objection merely restates the federal law claims that he originally brought against defendants who have since been dismissed from this action.

2019) (citing *Lee-Thomas v. Prince George's Cty. Pub. Schs.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012)).  A motion served within twenty-eight days of the Court's judgment is construed under Rule 59(e), and a motion served after that time falls under Rule 60(b).  *Downing*, No. 1:16-CV-1511, 2018 WL 10247588, at *1.  This Court granted Defendants' Motion to Dismiss on January 21, 2022.  *See* Dkt. 45.  Plaintiff filed his Motion for Reconsideration on February 9, 2022, which was nineteen days later.  Therefore, this Court construes Plaintiff's Motion as one brought under Federal Rule of Civil Procedure 59(e).

Motions for reconsideration may be granted on certain limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting *Wright et al.*, supra, § 2810.1, at 124); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012).

Plaintiff fails to identify a single specific finding of fact or legal conclusion that demonstrates a mistake in the Court's Order dismissing certain Defendants from this action.  Plaintiff also does not cite any intervening change in the law that would justify the extraordinary relief he requests.  Moreover, the Motion principally seeks to relitigate old issues.  Parties cannot use a motion to reconsider "'to put a finer point on [their] old arguments and dicker about matters

3

decided adversely' to them." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 546 (E.D. Va. 2015) (quoting *Shanklin v. Seals*, No. 3:07-cv-319, 2010 WL 1781016, at *3 (E.D. Va. May 3, 2010)). Re-argument is precisely what Plaintiff attempts in his Motion, yet a litigant who fails "to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003)). No exception to that general rule is warranted here, and Plaintiff's Motion for Reconsideration must be denied.

As for Plaintiff's filings that have been styled as requests for summary judgment, neither comply with Federal Rule of Civil Procedure 56 or Local Civil Rule 56. *See* Dkt. Nos. 59; 61. Specifically, the filings fail to "include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed." E.D. Va. Loc. Civ. R. 56(B). Entering summary judgment in Plaintiff's favor is therefore disallowed under this Court's rules.

After performing a de novo review of the record and Judge Buchanan's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 68). Accordingly, it is hereby ORDERED that Plaintiff's Motion for Default Judgment (Dkt. 64) DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Reconsideration (Dkt. 50) is DENIED. and it is

FURTHER ORDERED that Plaintiff's requests for summary judgment (Dkt. Nos. 59; 61) are DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Overturn Decision to Deny Default Judgment Hearing (Dkt. 70) is DENIED.

4

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to Plaintiff, *pro se*, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
August 19, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge